MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2015 ME 130
Docket:       Cum-15-1
Argued:       September 17, 2015
Decided:      October 13, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


IN RE J.I. et al.


ALEXANDER, J.

[¶1]    The father appeals from a judgment of the District Court (Portland, *Powers, J.*) terminating his parental rights to J.I. and J.I. after the court found, by clear and convincing evidence, all four statutory grounds of parental unfitness and determined that it is in the children's best interests that the father's parental rights be terminated so that the children may be adopted.  *See* 22 M.R.S. § 4055(1)(B)(2) (2014).  We affirm.

[¶2]   The father's primary contention on appeal is that the court erred or abused its discretion when it determined that termination of the father's parental rights was in the children's best interests without hearing evidence of and considering other potential permanency planning options for the children, such as a kinship placement with the paternal grandmother, who lives in Pennsylvania.  The record demonstrates, however, that the father did not raise the issue below, before or even at the termination hearing.  Further, in each of the three judicial review and

permanency planning orders entered prior to the termination hearing, the father agreed to a finding that the Department had made "reasonable efforts to identify and finalize a permanent plan for the children." In noting the children's continued placement with the foster family, all three orders stated: "A change in custody and/or placement is not consistent with the children's best interests at this time. There are no relatives available to care for the children."

[¶3] Importantly, the record demonstrates that the Department explored two other individuals as potential kinship placements in this case. *See* 22 M.R.S. § 4038-B(4) (2014). One family member was ruled out as a safe placement, and the other—the father's sister in New Jersey—withdrew her application to become a placement for the children. Nothing in the record suggests that either the father or the paternal grandmother requested that the grandmother be considered as a potential adoptive placement or guardian in this case.

[¶4] On these facts, we cannot say that the trial court erred or abused its discretion when it determined that termination of the father's parental rights is in the children's best interests without considering an option not presented to the court.

[¶5] The father also contends that the trial court did not engage in the best interest analysis required by 22 M.R.S. § 4055(1)(B)(2)(a) because, he alleges, the court considered only evidence related to his unfitness when it terminated his

parental rights. Contrary to his contention, however, the court engaged in the statutorily required best interest analysis, and the record supports the court's underlying findings. In determining that it was in the children's best interests that the father's parental rights be terminated, the court relied on findings related to the children's individual needs for stability and permanency, and the father's inability to meet those needs, *see In re David G.*, 659 A.2d 859, 862 (Me. 1995), and ultimately determined that freeing them for adoption[1] would best meet the needs of the children.

The entry is:

Judgment affirmed.

---

[1] The District Court does not have the authority to decide who may adopt the children. In a termination proceeding, the District Court has authority to decide that adoption is the permanency plan for a child, 22 M.R.S. § 4038-B(4)(A)(2) (2014), but Maine's Probate Courts have exclusive jurisdiction over adoptions, 18-A M.R.S. § 9-103(a)(1) (2014). Therefore, despite the termination of the father's parental rights, an interested relative, including the paternal grandmother, may still seek to adopt the children. *See* 18-A M.R.S. §§ 9-101 to 9-108 (2014).

**On the briefs:**

Nathaniel Seth Levy, Esq., Brunswick, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

**At oral argument:**

Nathaniel Seth Levy, Esq., for appellant father

Meghan Szylvian, Asst. Atty. Gen., for appellee Department of Health and Human Services

Portland District Court docket number PC-2013-75
FOR CLERK REFERENCE ONLY